**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-2489**

---

GLENWOOD SENSABAUGH,

Plaintiff - Appellant,

versus

JOY MINING MACHINERY,

Defendant - Appellee.

---

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  Glen M. Williams, Senior District Judge.  (CA-97-112-B)

---

Submitted:  August 31, 2001          Decided:  October 10, 2001

---

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Carl E. McAfee, MCAFEE LAW FIRM, P.C., Norton, Virginia, for Appellant.  Michael A. Pavlick, KIRKPATRICK & LOCKHART L.L.P., Pittsburgh, Pennsylvania, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Glenwood Sensabaugh appeals the jury verdict finding in favor of his employer in this civil action alleging employment discrimination based upon race. Sensabaugh argues that the district court's supplemental instruction to the jury was both confusing and an incorrect statement of the law. We have reviewed the parties' briefs, the joint appendix, and the supplemental joint appendix and find no error in the court's supplemental instruction to the jury in response to its second question. Taylor v. Virginia Union Univ., 193 F.3d 219, 240 (4th Cir. 1999) (reviewing district court's response to jury question involves "'ask[ing] whether the court's answer was reasonably responsive to the jury's question and whether the original and supplemental instructions as a whole allowed the jury to understand the issue presented to it'") (quoting United States v. Stevens, 38 F.3d 167, 170 (5th Cir. 1994)), cert. denied, 528 U.S. 1189 (2000). Accordingly, we affirm the district court's judgment. Sensabaugh v. Joy Mining Machinery, No. CA-97-112-B (W.D. Va. Nov. 14, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2